IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:11-CR-64-1H

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| KENNETH WAYNE DEESE, | ) | |
| Defendant. | ) | |

A single-count indictment returned by the grand jury on May 10, 2011, charges the defendant, Kenneth Wayne Deese, with possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). Defendant moves to dismiss the indictment, arguing that he is factually innocent because none of his prior convictions are for an offense "punishable by a term of imprisonment exceeding one year" under North Carolina law. Specifically, defendant contends that Carachuri-Rosendo v. Holder, 130 S. Ct. 2577 (2010) requires the court to determine the maximum sentence he (as opposed to a hypothetical defendant) could have received in determining whether he has previously been convicted of an offense "punishable by a term of imprisonment exceeding one year."

At the time defendant was charged, Fourth Circuit precedent foreclosed defendant's argument. See United States v. Harp, 406 F.3d 242 (2005) (holding that the maximum aggravated sentence

that could be imposed upon a defendant with the worst possible criminal history is used to determine whether a conviction is for a crime punishable by a prison term exceeding one year under North Carolina law), overruled by United States v. Simmons, No. 08-4475, slip. op. at 15-17 (4th Cir. Aug. 17, 2011) (en banc).

In United States v. Simmons, 635 F.3d 140, 146-47 (2011), vacated & reh'g granted, No. 08-4475 (4th Cir. Mar. 18, 2011), a panel of the Fourth Circuit reaffirmed its decision in Harp, rejecting the argument that Carachuri had overruled Harp. However, the Fourth Circuit, sitting en banc, has since reversed its prior course, vacating Simmons and overruling Harp. United States v. Simmons, No. 08-4475, slip. op. at 15-17 (4th Cir. Aug. 17, 2011) (en banc).

To assist the court in its decisional process, the court hereby directs the government to inform the court, on or before September 6, 2011, of its position as to the impact on this case of the Fourth Circuit's recent en banc decision in Simmons. Defendant may provide a written response to the government's filing on or before September 13, 2011.

This 30th day of August 2011.

MALCOLM J. HOWARD
Senior United States District Judge

At Greenville, NC
#31